Edwin A. Smith Real Estate Company
vs.
American Surety Company of New York
}
Eq. No. 8387

December 31, 1927

TANNER, P. J.  This is a bill in equity in which the complainant asks that the respondent be required to pay over the proceeds of a certificate of deposit for $12,500 which was pledged with the respondent as collateral security for an agreement to indemnify the respondent upon a bond given to the complainant to secure the terms of a lease.  Three persons signed said in-

demnity agreement, which provided that "the undersigned, hereinafter called the Indemnitor, do jointly and severally agree." The agreement further provides that the Indemnitor has pledged with the respondent as collateral security for all claims of said surety against the Indemnitor two certificates of deposit, each for the sum of $12,500, with authority to the surety on non-performance of any part of this agreement, or any other contract between the parties hereto, to pay therefrom any sum which the Indemnitor may become liable to pay to the surety by reason of any contract between the parties hereto.

Upon the discharge of the bond given by the respondent to the complainant, the complainant, who had become the owner of the certificate pledged by one Edward Radding, demanded the payment of said certificate from the respondent. The respondent refused to pay because the said Edward Radding had become liable to it in the sum of $20,000 upon another indemnity agreement upon another bond.

The complainant maintains that the proper construction of the indemnity agreement is that the security pledge is only liable upon the joint agreement of the three parties to the indemnity agreement on the bond of the complainant and that the certificate of deposit cannot be applied upon any separate agreement made by one of the three indemnitors.

We think that the complainant is right.

"When the joint makers pledged their individual property for the payment of their joint obligation, the pledge became joint as between the owners and the bank and did not affect or alter the joint character of the obligation, nor did it affect or alter the rule of the Torrance case, that the pledge was available only for other obligations of the same parties in the same joint character."

In re Evans, 238 Fed. 543, C. C. A., 3rd Circuit 1917.

The respondent contends that the liability was also stated to be several as well as joint. But this bears only upon the rights and remedies of the obligee, who may pursue the makers jointly or severally. The liability, however, of the maker inter sese is joint.

Torrance vs. Third Nat'l Bank of Pittsburgh, 210 Fed. 806 (1914).
See also In re Evans. 235 Fed. 635;
First Nat'l Bank of Litchfield vs. Southworth, 215 Ill. 640;
Haldeman vs. German Security Bank, 19 Ky. Law Rep. 169.

The respondent also argues that the form of the receipt given on the pledge of the certificate of deposit sustains their contention.

The receipt reads that the certificate is received from Edward Radding as collateral security for the performance of the terms of certain agreements of indemnity made by Edward Radding which the undersigned hereby agrees to return upon evidence that the terms of the agreement have been complied with, but when we seek to find what agreements of indemnity have been made by Edward Radding we must turn to the agreement of indemnity already considered, and we find in accordance with the construction we have adopted that the agreements of indemnity made by the said Edward Radding are only the joint agreements of the three indemnitors.

We therefore do not see how the construction of the indemnity agreement which we have adopted is disturbed by the terms of the receipt for the certificate of deposit.

The second ground for relief urged by the complainant is that the respondent surety company, through its agent Mr. Buss, created an estoppel against the surety company by failing to notify the complainant that the surety company claimed the right to apply this certificate of deposit upon

a separate obligation of the said Edward Radding, the complainant having released the respondent's bond, relying upon the expressed or implied promise of the respondent to pay said certificate to said complainant.

We have considered the testimony upon this point and feel that the evidence of parties entitled to equal credit is so conflicting that we are unable to say that the complainant has proven this part of his case by a fair preponderance of the evidence and therefore find for the respondent upon this issue.

From our finding, however, upon the first question involved in the case, the complainant is entitled to a decree.

For complainant: Hinckley, Allen, Tillinghast & Phillips.

For respondent: Comstock & Canning.